**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JOHN SISOLAK and KEVIN BOLCH, Individually and on Behalf of All Others Similarly Situated,

Plaintiffs,

v.

FORD MOTOR CO.,

Defendant.

Civil Action No. 18-11821 (MAS) (TJB)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

This matter comes before the Court upon Defendant Ford Motor Company's ("Defendant" or "Ford") Motion to Dismiss the Amended Complaint. (ECF No. 22.) Plaintiffs John Sisolak ("Sisolak") and Kevin Bolch ("Bolch") (collectively, "Plaintiffs") opposed (ECF No. 25), and Defendant replied (ECF No. 27). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, the Court grants Defendant's Motion to Dismiss.

**I. Background[1]**

Plaintiffs filed their original Complaint on July 19, 2018. (Compl., ECF No. 1.) On September 24, 2018, Defendant filed its first Motion to Dismiss (ECF No. 5) and Motion to Strike (ECF No. 6). On November 5, 2018, Plaintiffs filed a Motion to Amend the Complaint (ECF No. 14) and opposition to Defendant's Motion to Strike (ECF No. 17). On November 19, 2018,

---

[1] For the purpose of the instant decision, the Court accepts all factual allegations in the Amended Complaint as true. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).

the Court granted Plaintiffs' Motion to Amend and terminated as moot Defendant's Motion to Strike. (ECF No. 21.)

Plaintiffs' Amended Complaint asserts two counts, the first under N.J.S.A. 2A:62A-21 (the "Firefighters' Act"), and the second under New Jersey's Product Liability Act, N.J.S.A. 2A:58C-2 ("PLA"). Plaintiffs assert the relevant facts as follows. This matter arises from Ford's sale and lease of Ford Explorer models to state agencies, towns, and municipalities throughout the United States that are modified for law enforcement and classified as Police Interceptor Vehicles. (Am. Compl. ¶ 1, ECF No. 16.) Plaintiffs allege that the Police Interceptor Vehicles manufactured from 2011 through 2017 are defective and dangerous for operators and passengers because exhaust and other gases may enter the passenger compartments of the vehicles. (*Id.* ¶ 2.) Sisolak and Bolch are both police officers employed in the Police Department (the "Department") of East Brunswick Township (the "Township"). (*Id.* ¶¶ 72-73.) From 2014 through the Summer of 2017, both officers were assigned to drive and operate "car number 321," a 2014 Ford Explorer and one of approximately twenty-five Ford Explorers owned by the Township. (*Id.* ¶¶ 74-76.)

Plaintiffs allege the Ford Explorer Police Interceptor Vehicles, including car number 321, are dangerous and defective and neither Plaintiffs nor the Department were notified that the vehicles were defective or that vehicle occupants "would be exposed to lethal carbon monoxide and other potentially dangerous gases while driving the [vehicles] during routine police duties." (*Id.* ¶¶ 77-79.) Plaintiffs both allege that they experienced dizziness, headaches, and respiratory distress when operating car number 321 and that they filed Workers' Compensation claims for injuries sustained during their employment. (*Id.* ¶¶ 83-84.) Plaintiffs bring their action on behalf of themselves and the members of a proposed class. (*Id.* ¶ 90.)

## II. Discussion

### A. Parties' Positions

Defendant first argues that the PLA is Plaintiffs' exclusive remedy and the PLA subsumes all other causes of action. (Defs.' Moving Br. 5, ECF No. 22-1.) Defendant contends that "[a]lthough Plaintiffs have ascribed the label of 'violation of New Jersey Code 2[ ]A:62A-21' to their claim in Count I, it is—at its core—a claim seeking compensation for personal injuries caused by an allegedly defective product." (*Id.* at 6.) According to Defendant, "[b]ecause Plaintiffs' claim for violation of . . . Section 2[ ]A:62A-21 seeks compensation for personal injuries allegedly caused by a defective product, it is indisputably subsumed by the PLA and should be dismissed as a matter of law." (*Id.* at 7.)

Defendant also argues that the Firefighters' Act does not create an independent cause of action. (*Id.* at 8.) Defendant contends that abrogating the Firefighters' Rule "merely eliminated a defense to claims (and thus expanded [P]laintiffs' rights), with respect to existing causes of action." (*Id.* at 9 (citing *Roma v. United States*, 344 F.3d 352, 362 (3d Cir. 2003)). Since the Firefighters' Act does not create an independent cause of action, Defendant claims that the Court should dismiss Count I of the Amended Complaint with prejudice. (*Id.* at 9-10.)

Plaintiffs argue their claims under the Firefighters' Act are not subsumed by the PLA. (Pls.' Opp'n Br. 6-13, ECF No. 25.) Plaintiffs further aver "when as here, the plaintiff pursues a claim for damages under a separate statute affording rights, remedies and limitations declared to be in addition to and cumulative of the rights, remedies and limitations accorded under law, those claims may survive, especially at the pleading stage." (Pls.' Opp'n Br. 6.)

Plaintiffs additionally argue they "are not disguising product[] liability claims under the guise of the Firefighters['] Act." (*Id.* at 7.) Rather, Plaintiffs claim the Firefighters' Act provides a broad right of action to a first responder. (*Id.* at 8.) Plaintiffs assert they "have demonstrated

3

injury resulting from [Ford's] negligent noncompliance with a requirement found in a well-developed body of law and regulation [National Highway and Motor Vehicle Safety Act] that imposes clear legal duties." (*Id.* at 9) (citation omitted). Plaintiffs argue that the Firefighters' Act "provides for [an] entirely separate, stand- alone cause of action, not subsumed by the PLA." (*Id.* at 11.)

Finally, Plaintiffs assert that if, after discovery has been completed, the damages sought are covered by the PLA, summary judgment might be granted based on subsumption. (*Id.* at 14.) According to Plaintiffs, however, the issue is not appropriately raised on Defendant's current Motion to Dismiss. (*Id.*)

### B. Legal Standard

Pursuant to Federal Rule of Civil Procedure[2] 12(b)(6), courts will examine the legal sufficiency of a complaint and may dismiss a count for "failure to state a claim upon which relief can be granted". Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must "contain sufficient factual matter" that "state[s] a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although a court must accept as true all factual allegations in a complaint, that tenet is "inapplicable to legal conclusions" and "pleading[s] that offer[ ] 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Moreover, on a motion to dismiss for failure to state a claim under Rule 12(b)(6), the "defendant bears the

---

[2] All references to a Rule or Rules hereinafter refer to the Federal Rules of Civil Procedure.

4

burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citation omitted).

### C. Analysis

Defendant's motion arises at the unique intersection of the PLA and the Firefighters' Act. The PLA provides that:

> [a] manufacturer or seller of a product shall be liable in a product liability action only if the claimant proves by a preponderance of the evidence that the product causing the harm was not reasonably fit, suitable or safe for its intended purpose because it: [a.] deviated from the design specifications, formulae, or performance standards of the manufacturer or from otherwise identical units manufactured to the same manufacturing specifications or formulae, or [b.] failed to contain adequate warnings or instructions, or [c.] was designed in a defective manner.

N.J.S.A. 2A:58C-2.

"The PLA established the sole method to prosecute a product liability action such that only a single product liability action remains. *Clements v. Sanofi-Aventis, U.S., Inc.*, No. 14-1423, 111 F. Supp. 3d 586, 596 (D.N.J. 2015) (quoting *Tirrell v. Navistar Int'l, Inc.*, 591 A.2d 643, 647-48 (N.J. Super. Ct. App. Div. 1991) (internal quotations omitted)). The PLA "effectively creates an exclusive statutory cause of action for claims falling within its purview." *Repola v. Morbark Indus.*, 934 F.2d 483, 492 (3d Cir. 1991).

"The language chosen by the Legislature in enacting the PLA is both expansive and inclusive, encompassing virtually all possible causes of action relating to harms caused by consumer and other products." *In re Lead Paint Litig.*, 924 A.2d 484, 503 (N.J. 2007). The PLA specifically states that "'[p]roduct liability action' means any claim or action brought by a claimant for harm caused by a product, irrespective of the theory underlying the claim, except actions for harm caused by breach of an express warranty." N.J.S.A. 2A:58C-1(b)(3). Courts look to the essential nature of a case in determining whether a cause of action falls under the PLA. *New Hope*

5

*Pipe Liners, LLC v. Composites One, LCC*, No. 09-3222, 2009 WL 4282644, at *2 (D.N.J. Nov. 30, 2009).

> The Firefighters' Act provides:
>
> In addition to any other right of action or recovery otherwise available under law, whenever any law enforcement officer . . . suffers any injury, disease or death while in the lawful discharge of his official duties and that injury, disease or death is directly or indirectly the result of the neglect, willful omission, or willful or culpable conduct of any person or entity, other than that law enforcement officer['s] . . . employer or co-employee, the law enforcement officer . . . suffering that injury or disease . . . may seek recovery and damages from the person or entity whose neglect, willful omission, or willful or culpable conduct resulted in that injury, disease or death.

N.J.S.A. 2A:62A-21. The Firefighters' Act further provides that "[t]he rights, remedies and limitations accorded by the provisions of this act are hereby declared to be in addition to and cumulative of the rights, remedies and limitations accorded under law and nothing herein shall be construed to deny, abrogate or impair any such statutory right, remedy or prohibition." N.J.S.A. 2A:62A-22.

Plaintiffs cite *New Hope Pipe Liners* for the proposition that "[t]aken literally, the language of the PLA is broad—so broad in fact, that a literal reading must be discarded." (Pls.' Opp'n Br. 13 (citing 2009 WL 4282644, at *2).) *New Hope Pipe Liners*, however, supports Defendant's position. *New Hope Pipe Liners* dealt with specific "representation-based claims", and the underlying facts are distinguishable from the facts alleged in Plaintiffs' Amended Complaint. 2009 WL 4282644, at *3. The *New Hope Pipe Liners* Court stated that, when deciding whether the PLA has subsumed a claim, "courts tend to look at the essence of the claims and decide whether or not the plaintiff is disguising what would traditionally be considered a product[] liability claim as an alternative cause of action." *Id.* at *2 (citing *In re Lead Paint Litig.*, 924 A.2d at 484).

Notably, the *New Hope Pipe Liners* Court also stated, "if the facts of a case suggest that the claim is about defective manufacture, flawed product design, or failure to give an adequate

6

warning, then the PLA governs and the other claims are subsumed." *Id.* Moreover, the *New Hope Pipe Liners* Court further emphasized, "[n]ow, if [p]laintiff was claiming that [the d]efendants violated some kind of duty to disclose by failing to alert [p]laintiff as to the possible consequences of using [the product at issue], then this Court might have reason to construe this as a 'failure to warn' claim subsumed by the PLA." *Id.* at *3.

Count I of the Amended Complaint in the present case contains factual allegations which suggest that the claim would traditionally be considered a product liability claim. For example, the Amended Complaint contains allegations such as: (1) "Each such vehicle was sold or leased in a dangerous and defective condition because each such vehicle contains design flaws, and/or an exhaust and/or HVAC system that permit exhaust and other gases, including carbon monoxide, to enter the passenger compartment during the normal and customary use of such vehicles"; (2) "Ford . . . failed to notify [P]laintiff[s] . . . of the defect in the 2011 through 2017 model year Ford Explorers that exposed [them] . . . to a life safety hazard"; and (3) "[Ford] designed, manufactured, assembled, inspected, distributed, sold and leased the 2011 through 2017 model year Ford Explorers in a manner so as to render the subject vehicles defective and unsafe for their intended use and purpose". (Am. Compl. ¶¶ 7-8, 48.) These are simply representative paragraphs of an Amended Complaint replete with allegations which "suggest that the claim is about defective manufacture, flawed product design, or failure to give an adequate warning" and, as such, should be subsumed by the PLA. *New Hope Pipe Liners*, 2009 WL 4282644, at *2.

The Court finds the New Jersey Appellate Division's discussion in *Foster v. Newark Housing Authority* instructive in considering the relationship between the PLA and the Firefighters' Act. 911 A.2d 82 (N.J. Super. Ct. App. Div. 2006). In *Foster*, the New Jersey Appellate Division considered whether the Firefighters' Act is subject to New Jersey's Tort Claims Act ("TCA"). *Id.* at 67. The *Foster* Court stated that, "[r]ead literally, the beginning language of

7

the first section of the Firefighters' Act . . . suggests an independent cause of action outside the TCA." *Id.* The *Foster* Court also noted, however, "the second section of that statute shows that is not the case by providing that 'limitations [otherwise] accorded under law' shall continue to apply. . . . The TCA is just such a limitation." *Id.* (internal citation omitted).

Similarly, here, the broad language in the first section of the Firefighters' Act may seem to suggest an independent cause of action outside the PLA. When read in conjunction with the limitations clause, however, and in consideration of the "expansive and inclusive" language of the PLA, it would appear that the PLA also serves as a limitation. *See In re Lead Paint Litig.*, 924 A.2d at 503-04. Plaintiffs' arguments with respect to the Firefighters' Act are creative. Nevertheless, there is no indication that the legislature intended for the Firefighters' Act to serve as an exception to the PLA where the alleged facts reflect that the essential nature of a case falls under the PLA.[3] *See also Rodnite v. Hovnanian Enters., Inc.*, No. 08-3787, 2010 WL 3079576, at *3 (D.N.J. Aug. 5, 2010) (citing *New Hope Pipe Liners*, 2009 WL 4282644, at *2-3) (finding the plaintiffs' New Jersey Consumer Fraud Act claims subsumed by the PLA).

Finally, the Court finds unpersuasive Plaintiffs' argument that summary judgment might be granted if, after discovery has been completed, "the damages sought herein are covered by the

---

[3] Plaintiffs argue they:

> are clearly not consumers. There is a complete absence of privity between Plaintiffs and [Ford]. Plaintiffs sustained personal injuries within the scope of their employment as Police Officers, when subjected to unknown, but ongoing carbon monoxide exposure while driving [Ford] vehicles. [Ford] failed to disclose that the carbon monoxide levels in the driver's compartment of the subject vehicles could potentially cause injury.

(Pls.' Opp'n Br. 7.) Plaintiffs, however, fail to explain the relevance of these arguments. Plaintiffs also fail to support their consumer and privity-based arguments with citations to relevant case law or even explain the implications of those allegations to their position.

8

PLA". (Pls.' Opp'n Br. 14.) The inquiry here is not confined to the ultimate "damages sought" but, rather, the relevant inquiry is whether the claim would traditionally be considered a product liability claim. *Rodnite*, 2010 WL 3079576, at *3 (citing *New Hope Pipe Liners*, 2009 WL 4282644, at *2-3).[4]

Here, the Court finds that the allegations in Count I of the Amended Complaint have the "essential nature" of design defects, manufacturing defects, and failure to warn defects, which are considered product liability claims. The Court, therefore, finds that Plaintiffs' Firefighters' Act claim, as currently pled, is subsumed by the PLA.

## III. Conclusion

Plaintiffs failed to adequately plead a cause of action pursuant to the Firefighters' Act. The Court, accordingly, grants Defendant's Motion to Dismiss.[5] The Court will enter an Order consistent with this Memorandum Opinion.

s/ Michael A. Shipp<br>
**MICHAEL A. SHIPP**<br>
**UNITED STATES DISTRICT JUDGE**

Dated: July 31, 2019

---

[4] Defendant argues that if the Court finds Plaintiffs' Firefighters' Act claim is not subsumed by the PLA and provides an independent cause of action, "any attempt to base Ford's liability [on a] supposed violation of a federal statute (*i.e.*, the Safety Act) should be deemed preempted by federal law." (Def.'s Moving Br. 10 n.3.) Here, because the Court finds that the allegations as currently pled in Count I of the Amended Complaint are subsumed by the PLA, the Court declines to reach the issue of preemption.

[5] Ford also moves to strike the class allegations in Plaintiffs' Amended Complaint. (ECF No. 23.) Defendant argues that the Court "has the authority to strike class allegations prior to discovery if the complaint demonstrates that a class action cannot be maintained." (Def.'s Moving Br. 7, ECF No. 23-1.) The Court denies Defendant's Motion to Strike (ECF No. 23) as premature and finds the class certification analysis more appropriate for a later stage of the litigation. *See Baby Neal for and by Kanter v. Casey*, 43 F.3d 48, 54 (3d Cir. 2007); *McPeak v. S-L Distrib. Co.*, No. 12-348, 2014 WL 4388562 (D.N.J. Sept. 5, 2014); *Humphreys v. Budget Rent A Car Sys., Inc.*, No. 10-1302, 2014 WL 1608391 (E.D. Pa. Apr. 22, 2014).